UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                       Case No. 6:09-cv-1852-Orl-28GJK

ASSETS DESCRIBED IN
"ATTACHMENT A" TO THE
VERIFIED COMPLAINT
FOR FORFEITURE IN REM,

      Defendants.

## AMENDED VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff United States of America, by and through the undersigned Assistant United States Attorney, brings this amended complaint and alleges upon information and belief, in accordance with Supplemental Rule G(2), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, as follows:

## NATURE OF THE ACTION

1.    This is a civil action *in rem* to forfeit to the United States, the following assets:

    A.    Precious Metals

        1.    262 gold bars seized from Delaware Depository Service Company Custody Account #32648 held in the name of Pegasus Capital Corporation, located at 3601North Market Street, Wilmington, DE, 19802 on February 9,  2009; and

        2.    32 gold bars seized from Inwood Security Vaults Custody Account held in the name of Pegasus Capital Corporation, located at 333 Inwood Village, Dallas, TX 75209 on February 11, 2009.

B.    Vehicles

1.    2008 Black Chevrolet Suburban, VIN #3GNFC16008G186250, titled in the name of Javier Fernandez, seized on February 10, 2009 from 7350 Futures Drive, Orlando, FL;

2.    2008 Blue Chevrolet Corvette, VIN #1G1YY26E185118821, titled in the name of Angel Sanchez, seized on February 10, 2009 from 7350 Futures Drive, Orlando, FL;

3.    2008 Fleetwood Revolution Motorcoach, VIN #4VZBT1D908C065809, titled in the name of Luzia Trindade, seized on February 10, 2009 from 11953 W. Colonial Drive, Ocoee, FL;

4.    2008 Gray Nissan Armada, VIN #5N1BA08DX8N621236, titled in the name of Luiz Trindade, seized on February 10, 2009 from 2450 Dahlgren Way, Winter Garden, FL;

5.    2008 Dodge Charger, VIN #2B3LA73W88H151292, titled in the name of Luzia Trindade, seized on February 10, 2009 from 2450 Dahlgren Way, Winter Garden, FL;

6.    2008 White Chevrolet Equinox, VIN #2CNDL037X86296807, titled in the name of Cilmara A. Lourenco, seized on February 10, 2009 from 2450 Dahlgren Way, Winter Garden, FL;

7.    2008 Blue Lamborghini Murcielago, VIN #ZHWBU47S98LA02961, titled in the name of Skyview Aviation, seized on February 10, 2009 from 11953 W. Colonial Drive, Ocoee, FL;

8.    2009 White Audi R8, VIN# WUAAU34259N000746, titled in the name of Skyview Aviation, seized on February 10, 2009 from 11953 W. Colonial Drive, Ocoee, FL; and

9.    2009 Red Cadillac Escalade, VIN #1GYFK26289R117904, titled in the name of Luzia M. Trindade, seized on January 8, 2010 from 2450 Dahlgren Way, Winter Garden, FL.

2

C.     Financial Accounts:

1.     Approximately $358,959.81 seized from SunTrust Bank Account #1000083744432, held in the name of Luzia Maria Trindade, Sabrina Trindade Zanchet, and Gabriel Trindade on September 16, 2009;

2.     Approximately $11,590.19 seized from SunTrust Bank Account #1000083744424, in the name of Luzia Maria Trindade on September 16, 2009;

3.     Approximately $346,495.44 seized from SunTrust Bank Account #1000083744440, in the name of Sabrina Trindade Zanchet on September 16, 2009; and

4.     Approximately $24,350,221.35 seized from M&I Bank Account #46017675, held in the name of DWB Holding, Co. on August 22, 2008.

5.     Approximately $100,000 seized from Regions Bank Account #0095243542 held in the name of DWB Holdings, LLC on September 25, 2008;

6.     Approximately $200,000 seized from Whitney National Bank Account #0730 660 109 held in the name of DWB Holdings LLC[1] on August 26, 2008;

7.     Approximately $1,006,042.52 seized from SunTrust Bank Account #1000084021137 held in the name of Superior International Timeshares LLC on or about October 29, 2008;

8.     Approximately $8,383,371.54 seized from SunTrust Bank Account #1000084021285 held in the name of Superior International Investments Corp between October 29 and November 17, 2008;

9.     Approximately $316,207.00 seized from First National Bank of Central Florida Account #123000153 held in the name of Daniel Rojo Filho on or about November 4, 2008;

10.    Approximately $10,000.37 seized from First National Bank of

---

[1]The seizure warrant erroneously indicated that DWB Holdings LLC was the account holder.

Central Florida Account #001508156 held in the name of Daniel Rojo Filho on or about November 4, 2008;

11.    Approximately $46,089.00 seized from First National Bank of Central Florida Account #001040804 held in the name of Fuad Abuchaibe on or about November 4, 2008;

12.    Approximately $46,499.76 seized from First National Bank of Central Florida Account #0001040839 held in the name of Enrique Puellos on or about November 4, 2008;

13.    Approximately $71,736.84 seized from Bank First Bank Account #100002294 held in the name of Brittany Benevides on or about November 4, 2008;

14.    Approximately $200,551.20 seized from Bank First Bank Account #200001188 held in the name of Brittany Benevides on or about November 17, 2008;

15.    Approximately $251,535.35 seized from Bank First Bank Account #200001162 held in the name of Brittany Benevides on or about November 4, 2008;

16.    Approximately $200,551.20 seized from Bank First Bank Account #200001170 held in the name of Brittany Benevides on or about November 17, 2008;

17.    Approximately $303,521.37 seized from RockBridge Commercial Bank Account #200002899 held in the name of Superior International Investments Corp on or about October 29, 2008;

18.    Approximately $20,333.41 seized from RockBridge Commercial Bank Account #200001507 held in the name of Skyview Investments Group LLC on or about October 29, 2008;

19.    Approximately $39,606.82 seized from RockBridge Commercial Bank Account #200001531 held in the name of Supreme Car Wash LLC on or about October 29, 2008;

20.    Approximately $12,627.65 seized from RockBridge Commercial Bank Account #400002469 held in the name of Superior International Investments Corp on or about October 29, 2008;

21.    Approximately $74,978.00 seized from RockBridge Commercial Bank Account #200001353 held in the name of Superior International Investments Corp on or about October 29, 2008;

22.    Approximately $14,165.50 seized from RockBridge Commercial Bank Account #200002902 held in the name of Superior International Timeshares LLC on or about October 29, 2008;

23.    Approximately $10,250.01 seized from RockBridge Commercial Bank Account #200001523 held in the name of Skyview Trust LLC on or about October 29, 2008;

24.    Approximately $9,767.88 seized from RockBridge Commercial Bank Account #200001515 held in the name of Skyview Limo Service of Central Florida LLC's on or about October 29, 2008;

25.    Approximately $110,699.89 seized from RockBridge Commercial Bank Account #200000845 held in the name of Sky View Aviation Inc. on or about October 29, 2008;

26.    Approximately $15,826.61 seized from RockBridge Commercial Bank Account #200001485 held in the name of Skyview Exotic Car Rental LLC on or about October 29, 2008;

27.    Approximately $12,115.57 seized from RockBridge Commercial Bank Account #200001493 held in the name of Skyview International Investments LLC on or about October 29, 2008;

28.    Approximately $13,681.94 seized from RockBridge Commercial Bank Account #200001477 held in the name of Skyview Air Inc on or about October 29, 2008;

29.    Approximately $11,943.88 seized from RockBridge Commercial Bank Account #200001426 held in the name of Benevides & Associates LLC on or about October 29, 2008;

30.    Approximately $12,581.14 seized from RockBridge Commercial Bank Account #200001299 held in the name of Infinity Mortgage Group LLC on or about October 29, 2008;

31.    Approximately $11,739.81 seized from RockBridge Commercial Bank Account #200001450 held in the name of Infinity Properties LLC on or about October 29, 2008;

32.    Approximately $8,271.56 seized from RockBridge Commercial Bank Account #200001418 held in the name of ABC Auto Wholesalers Inc on or about October 29, 2008;

33.    Approximately $10,685.99 seized from RockBridge Commercial Bank Account #200001434 held in the name of DiVello Family LLC on or about October 29, 2008;

34.    Approximately $14,354.64 seized from RockBridge Commercial Bank Account #200001442 held in the name of Fidelity Investment Group LLC on or about October 29, 2008;

35.    Approximately $11,900.00 seized from RockBridge Commercial Bank Account #200001469 held in the name of MK & FK Management Inc on or about October 29, 2008;

36.    Approximately $10,191.50 seized from RockBridge Commercial Bank Account #200001302 held in the name of RGB Outdoor Advertising, LLC on or about October 29, 2008;

37.    Approximately $363,247.19 seized from SunTrust Account #1000075166313 held in the name of DiVello Family LLC d/b/a Days Inn Seastone between October 30 and November 28, 2008;

38.    Approximately $85,454.78 seized from SunTrust Account #1000046692819 held in the name of MK & FK Management, Inc d/b/a Knights Inn's between October 29 and November 17, 2008;

39.    Approximately $18,235.04 seized from Old Southern Bank Account #0106000144 held in the name of Superior International Investments Corp on or about October 29, 2008;

40. Approximately $95,849.71 seized from Center State Bank Account #542007275 held in the name of Leesburg Title & Escrow Services, Inc on or about November 4, 2008;

41. Approximately $403,619.83 seized from CNL Bank Account #0001044171 held by Brittany Benevides on or about November 4, 2008;

42. Approximately $484,870.45 seized from CNL Bank Account #0007022585 held by Brittany Benevides on or about November 4, 2008;

43. Approximately $864,985.00 seized from SunTrust Account #1000077641073 held in the name of Infinity Mortgage LLC on or about October 29, 2008;

44. Approximately $439,815.22 seized from Community Bank of Florida Account #1308453 held in the name of Superior International Investments Corp. On or about October 29, 2008;

45. Approximately $1,698.599.09 seized from Old Southern Bank Account #0110001419 held in the name of Superior International Investments Corp on or about October 29, 2008;

46. Approximately $85,256.43 seized from Old Southern Bank Account #0110001393 held in the name of Sky View Aviation Inc on or about October 29, 2008;

47. Approximately $200.00 seized from Old Southern Bank Account #0110001641 held in the name of Skyview Air Inc on or about October 29, 2008;

48. Approximately $19,845.71 seized from Old Southern Bank Account #0110001658 held in the name of Skyview Construction LLC on or about October 29, 2008;

49. Approximately $100.00 seized from Old Southern Bank Account #0110001724 held in the name of Skyview International Investments LLC on or about October 29, 2008;

50. Approximately $100.00 seized from Old Southern Bank Account #0110001757 held in the name of Skyview Trust LLC on or about October 29, 2008;

51.	Approximately $100.00 seized from Old Southern Bank Account #0110001427 held in the name of Superior International Timeshares on or about October 29, 2008;

52.	Approximately $5,141.42 seized from Old Southern Bank Account #0110001609 held in the name of Fidelity Investment Group LLC on or about October 29, 2008;

53.	Approximately $100.00 seized from Old Southern Bank Account #0110001625 held in the name of MK & FK Management Inc on or about October 29, 2008;

54.	Approximately $100.00 seized from Old Southern Bank Account #0110001666 held in the name of Supreme Car Wash LLC on or about October 29, 2008;

55.	Approximately $100.00 seized from Old Southern Bank Account #0110001690 held in the name of DiVello Family Trust LLC on or about October 29, 2008;

56.	Approximately $100.00 seized from Old Southern Bank Account #0110001708 held in the name of Benevides & Associates LLC on or about October 29, 2008;

57.	Approximately $100.00 seized from Old Southern Bank Account #0110001716 held in the name of PBBB Investments LLC on or about October 29, 2008;

58.	Approximately $35.00 seized from 1st National Bank of Central Florida Account #0002112426 held in the name of Superior International Investments Corp on or about October 29, 2008; and

59.	Approximately $602,398.47 seized from 1st National Bank of Central Florida Account #2506963 held in the name of Superior International Investments Corp on or about October 29, 2008.

pursuant to 18 U.S.C. § 981(a)(1)(C), as proceeds traceable to a conspiracy to commit

a  "specified unlawful activity," as that term is defined in 18 U.S.C. § 1956(c)(7),

specifically wire fraud offenses.  The conspiracy to commit wire fraud offenses that

gives rise to this action is an international Ponzi/Pyramid scheme operated by Evolution

Market Group (EMG) d/b/a Finanzas Forex, DWB Holding Company (DWB), Superior International Investments Corporation (SIIC), German Cardona (Cardona), Daniel Fernandez Rojo Filho (Rojo Filho), Pedro Benevides (Benevides) and others in which investors have been defrauded out of millions of dollars.  This action is also brought, pursuant to 18 U.S.C. § 981(a)(1)(A), against SunTrust Bank Account #1000083744432, SunTrust Bank Account #1000083744424, SunTrust Bank Account #1000083744440 (collectively "Trindade SunTrust Accounts"), Regions Bank Account #0095243542 (DWB Developers LLC's Regions Bank Account), Whitney National Bank Account #0730 660 109 (DWB's Whitney Bank Account) and the accounts more particularly described in paragraph 1(C)(9)-(16), (18)-(59) because the monetary transactions conducted to fund theses accounts were made in violation of 18 U.S.C. § 1956(a)(1)(B)(i).  Lastly, this action is brought, pursuant to 18 U.S.C. § 981(a)(1)(A), against the Trindade SunTrust, DWB Developers LLC Regions, DWB Whitney Bank Accounts, the accounts more particularly described in paragraph 1(C)(9), (11)-(16), (18)-(46), (48), (58)-(59), as well as the vehicles, because the monetary transactions conducted to purchase the vehicles and fund these bank accounts were made in violation of 18 U.S.C. § 1957(a).

### JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over an action commenced by the United States by virtue of 28 U.S.C. § 1345, and over an action for forfeiture by virtue of 28 U.S.C. § 1355.

3.     This Court has *in rem* jurisdiction over the defendant properties pursuant to:

a.      28 U.S.C. § 1355(b)(1)(A), because pertinent acts or omissions giving rise to the forfeiture occurred in the Middle District of Florida;[2] and

b.      28 U.S.C. § 1355(b)(1)(B), because venue properly lies in the Middle District of Florida pursuant to 28 U.S.C. § 1395.

4.      Venue is proper in the District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

## THE DEFENDANTS *IN REM*

5.      The defendant properties include approximately 294 gold bars (262 gold bars from the Delaware Depository Service Company and 32 gold bars from Inwood Security Vaults).  The gold bars were seized pursuant to seizure warrants issued by this Court on February 9 and 11, 2009, respectively, after a probable cause finding that they constituted proceeds traceable to wire fraud offenses, in violation of 18 U.S.C. § 1343. The gold bars are being stored at a depository in Wilmington, DE, under an account controlled by the United States.  As explained more fully in the attached affidavit, EMG investor funds were deposited directly into accounts Crowne Gold, Inc. held on behalf of EMG to accept investor deposits.  Those funds were subsequently converted into gold bars by Crowne Gold, and therefore, the gold bars represent proceeds of wire fraud violations.

6.      The defendant properties also include the nine vehicles, more particularly

---

[2]  While the defendant gold is not within the jurisdiction of this Court, this Court has jurisdiction over the forfeiture of these properties, pursuant to 28 U.S.C. § 1355(b)(1)(A), because the acts giving rise to the forfeiture of the gold, namely the wire fraud schemes described below, occurred there.

described in paragraph 1(B) above.  The vehicles were seized pursuant to seizure warrants issued by this Court on February 9, 2009 and January 10, 2009 (Red Escalade), after the Court found probable cause to believe that each vehicle was purchased with proceeds traceable to wire fraud offenses, in violation of 18 U.S.C. § 1343, and were involved in money laundering offenses, in violation of 18 U.S.C. § 1957(a).  The vehicles are being maintained at a secured storage facility located in the Middle District of Florida.  The vehicles were purchased with funds from accounts that contained EMG and/or DWB investor funds.  Accordingly, the vehicles were purchased with proceeds of wire fraud violations.  Additionally, the purchase of the vehicles involved monetary transactions conducted with more than $10,000 in wire fraud proceeds.  Thus, the vehicles constitute property involved in money laundering violations.

      7.     The defendant properties also include the funds seized from three SunTrust Bank accounts (Trindade SunTrust Funds), more particularly described in paragraph 1(C)(1)-(3) above.  The Trindade SunTrust Funds were seized pursuant to seizure warrants issued by this Court on September 16, 2009, after a probable cause finding that they constituted or were derived from proceeds traceable to wire fraud offenses, in violation of 18 U.S.C. § 1343, and were involved in money laundering offenses, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1957(a).  The Trindade SunTrust Funds are being held in the United States Customs Suspense Account at the National Finance Center in Indianapolis, IN.  Because the Trindade SunTrust Accounts were funded by accounts which directly received EMG and/or DWB investor funds, the seized funds constitute proceeds of wire fraud violations.  Additionally, because the

11

funding of the Trindade SunTrust Accounts involved monetary transactions conducted with more than $10,000 in wire fraud proceeds and the transactions conducted to fund these accounts were conducted with wire fraud proceeds that were moved through several bank accounts (held by various corporations and entities) in order to conceal or disguise the illegal source and true ownership of the funds, the Trindade SunTrust Account Funds constitute property involved in money laundering violations.

8.      The defendant properties also include the contents of the DWB M&I, DWB Developers LLC's Regions Bank and DWB Whitney Accounts described more particularly in paragraph 1(C)(4)-(6) above.  The funds seized from these accounts were seized pursuant to seizure warrants issued by United States Magistrate Judges in the District of Arizona, on August 22, 26 and September 25, 2008, respectfully, after a probable cause finding by that Court that the funds constituted proceeds traceable to drug trafficking and were involved in money laundering offenses.  The funds seized from DWB's M&I Bank Account were deposited into the Department of Justice Seized Assets Deposit Fund Account at the Federal Reserve Bank.  The contents of the DWB Developers LLC's Regions Bank Account and DWB Whitney Bank Account were deposited into the Department of Treasury's Asset Forfeiture Fund.

a)      EMG investors deposited their funds directly into DWB's M&I Account.  From there, Rojo Filho transferred $200,000 from DWB's M&I Account into DWB's Whitney Bank Account.  Accordingly, both accounts contain proceeds of wire fraud violations.  Additionally, because the funding of the DWB Whitney Bank Account involved a monetary transaction conducted with more than $10,000 in wire fraud proceeds, the contents of that account constitute property involved in money laundering

12

violations.  Moreover, because the transactions conducted to fund DWB's Whitney Bank Account were conducted with wire fraud proceeds that were moved into an account not advertised to investors, the contents of that account constitute property involved in money laundering violations.

b)      DWB Developers LLC's Regions Bank Account was funded by accounts which directly received EMG and/or DWB investor funds; therefore, the funds seized from it are proceeds of wire fraud violations.  Additionally, because the funding of DWB Developers LLC's Regions Bank Account involved a monetary transaction conducted with more than $10,000 in wire fraud proceeds, the contents of DWB Developers LLC's Regions Bank Account constitute property involved in money laundering violations.  Lastly, because the transaction conducted to fund DWB Developers LLC's Regions Bank Account were conducted with wire fraud proceeds that were moved through several bank accounts (held by various corporations and entities) in order to conceal or disguise the illegal source and true ownership of the funds, the contents of DWB Developers LLC's Regions Bank Account constitute property involved in money laundering violations.

9.      The defendant properties also include funds seized from the SunTrust, First National Bank of Central Florida, Bank First, RockBridge Commercial, Community Bank of Florida, Old Southern, Center State, and CNL Bank Accounts described more particularly in paragraph 1(C)(7)-(59) above.  The contents of the these accounts were seized pursuant to seizure warrants issued by United States Magistrate Judges in the District of Arizona, between October 29 and November 17, 2008, after a probable cause finding by that Court that the funds constituted proceeds traceable to drug trafficking

and were involved in money laundering offenses.  The contents of these accounts were deposited into the Department of Justice Seized Assets Deposit Fund Account at the Federal Reserve Bank.  EMG investor funds were deposited into all of these accounts; consequently, pursuant to 18 U.S.C. § 984, the funds seized from these accounts constitute proceeds of wire fraud violations.  Additionally, because the funding of the accounts more particularly described in paragraph 1(C)(9), (11)-(16), (18)-(46), (48), (58)-(59) above involved monetary transactions conducted with more than $10,000 in wire fraud proceeds, the funds seized from those accounts also constitute property involved in money laundering violations.  Lastly, because the transactions conducted to fund the accounts more particularly described in paragraph 1(C)(9)-(16), (18)-(59) above were conducted with wire fraud proceeds that were moved to accounts where the account holder was unknown to investors, to a bank account not advertised to investors, or both, in order to conceal or disguise the illegal source and true ownership of the funds, the funds seized from those accounts constitute property involved in money laundering violations.

     10.     As set forth in Supplemental Rule G(3)(b)(i), the Clerk must issue a warrant to arrest the defendant properties if they are in the government's custody.[3] Accordingly, the Clerk must issue a warrant to arrest the Red Escalade, Vin

---

[3]In this regard, however, Supp'l Rule G is inconsistent with the current Local Admiralty Rule 7.03(b)(1), that requires a judicial officer to first review the verified complaint, and any other relevant case papers, prior to the Clerk issuing the warrant of arrest *in rem*.

#1GYFK26289R117904.[4]  However, because the instant action is brought against the assets more particularly described in paragraph 1(C)(7)-(59) was brought based upon different forfeiture theories then those which gave rise to the District of Arizona action, namely that these funds constitute the proceeds of wire fraud and/or money laundering offenses, the United States requests that this Court, upon a finding or probable cause that these funds constitute the proceeds of wire fraud offenses and/or were involved in money laundering offenses, issue warrants to arrest these accounts, pursuant to Supplemental Rule G(3)(b)(ii).

11.    All of the Defendant Properties are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), because they constitute proceeds traceable to a "specified unlawful activity," as that term is defined in 18 U.S.C. § 1956(c)(7).  A "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7), includes offenses listed in 18 U.S.C. § 1961(1).  Specifically, 18 U.S.C. § 1961(1) includes violations of 18 U.S.C. § 1343 (relating to wire fraud).

12.    The Trindade SunTrust, DWB Developers LLC Regions, DWB Whitney Bank Accounts and the accounts more particularly described in paragraph 1(C)(9)-(16), (18)-(59) are also subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of any property, real or personal, involved in violations of 18 U.S.C. § 1956(a)(1)(B)(i).  The funds seized from these accounts are criminally derived funds that were moved through several bank accounts (held by various corporations and entities) before being deposited into these accounts.  This was done in order to

---

[4]The Clerk already issued the warrants of arrest *in rem* for the properties more particularly described in paragraph 1A(1)-(2), B(1)-(8), and C(1)-(6).

15

conceal or disguise the illegal source of the funds contained in the Trindade SunTrust, DWB Developers LLC Regions and DWB Whitney Bank Accounts and to disguise the true ownership of the funds, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).  Further, the funds contained in the accounts more particularly described in paragraph 1(C)(9)-(16), (18)-(59) are criminally derived funds that were moved to accounts where the account holder was unknown to investors, to a bank account not advertised to investors, or to both.  This was done in order to conceal or disguise the illegal source of the funds contained in the accounts more particularly described in paragraph 1(C)(9)-(16), (18)-(59) and to disguise the true ownership of the funds, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

13.     Lastly, the monetary transactions made to fund the Trindade SunTrust, DWB Developers LLC Regions, DWB Whitney Bank Accounts, the accounts more particularly described in paragraph 1(C)(9), (11)-(16), (18)-(46), (48), (58)-(59), and the vehicles were conducted in violation of 18 U.S.C. § 1957(a) because they involved monetary transactions conducted with more than $10,000 in criminally derived funds and, as such, are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

## FACTS

14.     Specific details of the facts and circumstances supporting the forfeiture of the defendant properties are contained in the Affidavit of Internal Revenue Service (IRS) - United States Secret Service (USSS) Financial Crimes Task Force Agent Noel F. Martinez, Jr., which is attached hereto as Exhibit B and fully incorporated herein by reference.

15.     As required by Rule G(2)(f), the facts set forth in the attached affidavit

support a reasonable belief that the government will be able to meet its burden of proof at trial.  Specifically, for the reasons set forth in the attached affidavit, there is probable cause to believe that the defendant properties constitute or are derived from proceeds traceable to a violations of 18 U.S.C. § 1343, and therefore, are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).  Additionally, there is probable cause to believe that the defendant Trindade SunTrust, DWB Developers LLC Regions, DWB Whitney Bank Accounts and the accounts more particularly described in paragraph 1(C)(9)-(16), (18)-(59) were involved in violations of 18 U.S.C. § 1956(a)(1)(B)(i); and the defendant Trindade SunTrust, DWB Developers LLC Regions, DWB Whitney Bank Accounts, the accounts more particularly described in paragraph 1(C)(9), (11)-(16), (18)-(46), (48), (58)-(59), and the vehicles were involved in violations of 18 U.S.C. § 1957(a), and therefore, are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

WHEREFORE, the United States respectfully requests that the process of forfeiture be issued against the defendant Red Escalade, Vin #1GYFK26289R117904, and the accounts more particularly described in paragraph 1(C)(7)-(59) above; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed, that the court decree the condemnation and forfeiture of the

funds to the United States for disposition according to law, and that the United States be granted such other relief as the court deems just and proper.

Respectfully submitted,

A. BRIAN ALBRITTON
United States Attorney

By:    s/Nicole M. Andrejko
**Nicole M. Andrejko**
Assistant United States Attorney
Florida Bar No. 0820601
501 West Church St., Suite 300
Orlando, FL 32805
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-mail: Nicole.Andrejko@usdoj.gov

18