# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA,

                    **Plaintiff,**

-vs-                                           **Case No.  6:09-cv-1852-Orl-28GJK**

ASSETS DESCRIBED IN "ATTACHMENT
A" TO THE VERIFIED COMPLAINT FOR
FORFEITURE IN REM,

                    **Defendants.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **UNITED STATES' MOTION TO STRIKE AND/OR DISMISS FOURTH AMENDED CLAIM OF KINETIC FOR THE ASSETS INCLUDED IN THE UNITED STATES' AMENDED COMPLAINT FOR FORFEITURE *IN REM*** (Doc. No. 199) |
| **FILED:** | **March 29, 2010** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED.**

## I.      BACKGROUND.

On October 30, 2009, the United States (the "Government") filed a Verified Complaint

for Forfeiture In Rem (the "Complaint") regarding certain assets set forth in "Attachment A" to

the Complaint.  Doc. No. 1.  On January 20, 2010, the Government filed an Amended Verified

Complaint for Forfeiture In Rem (the "Amended Complaint") which added additional assets to

"Attachment A."  Doc. No. 56.

On January 27, 2010, First Bank & Trust Leasing Services, a division of Kinetic Leasing,

Inc. ("Kinetic") filed a Fourth Amended Verified Third-Party Claim of Interest (the "Claim").

Doc. No. 64.   Kinetic's Claim alleges that by virtue of two out of state judgments that were

domesticated in Florida it has a claim to all assets held in the name of Pedro Benevides

("Benevides"), Superior International Investment Corporation ("SIIC"), and SkyView Aviation,

Inc. ("SVA") (collectively, the "Judgment Debtors"), and any assets truly owned by Benevides

that may be held in the name of others.   Doc. No. 64 at 2-4, 9-10.[1]   Kinetic argues its Claim is

entitled to priority because it qualifies as an "innocent owner" under 18 U.S.C. §§ 983(d)(2)(A)

or (3)(A).  Doc. No. 64.[2]

On March 29, 2010, the Government filed a Motion to Strike And/Or Dismiss Fourth

Amended Claim of Kinetic For the Assets Included in the Amended Complaint (the "Motion").

Doc. No. 199.  The Motion contains the following arguments: 1) Kinetic lacks standings to assert

---

[1]Based upon the judgments, Kinetic makes claim to those assets:

> [S]eized by the [G]overnment from . . . Benevides and <u>in which Benevides has any interest in, or any entity in which Benevides had an interest in, or any person or entity with whom or which Benevides conspired with, aided and abetted, or was an accessory before or after the fact, or person or entity whom or which conspired with, aided and abetted, or was an accessory after the fact to Benevides</u>, including but not limited to, Rojo Filho, Superior International Investment Corporation, Skyview Aviation, Inc., Evolution Marketing Group, . . ., DWB Holding Company, Obbalube Investment Corporation, Crown Gold, Inc., <u>and/or any other person or entity attempting to assist Benevides disguise and conceal his assets</u>, accounts, and monies, including [the Assets listed in the Government's Amended Complaint].

Doc. No. 64 at 3-4 (emphasis added).

[2] After a claimant files a claim, Rule G(5)(b) of the Supplemental Rules requires a claimant to file an answer to the Government's verified complaint.  *Id.*   In this case, however, Kinetic has yet to file an answer due to the Motion and because the case has been stayed.  *See* Doc. Nos. 199, 215.

a claim as to those assets not titled in the name of the Judgment Debtors; 2) pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, Kinetic has failed to state a claim under Section 983(d)(2)(A) because it is not an innocent owner; 3) pursuant to Rule 12(b)(6), Kinetic has failed to state a claim under Section 983(d)(3)(A) because Kinetic is not a bona fide purchaser or seller for value, and Kinetic was not without cause to believe the property was subject to forfeiture; and 4) pursuant to Rule 12(b)(6), the Government's claim is superior because of the relation-back doctrine, codified at 18 U.S.C. § 981(f).  Doc. No. 199.

On October 12, 2010, Kinetic filed a response (the "Response") to the Motion.  Doc. No. 245.[3]  In the Response, Kinetic argues that it has standing to assert a claim as to those assets which are in fact the property of Benevides even if they are not titled in the name of the Judgment Debtors.  Doc. No. 245 at 5-14.  Kinetic maintains that it has adequately asserted a claim under Section 983(d)(2)(A) and the relation-back doctrine cannot be used to defeat its Claim at the pleading stage.  Doc. No. 245 at 14-16.  Finally, Kinetic contends that it has adequately stated a claim for relief under Section 983(d)(3)(A) because it is a bona fide purchaser for value and was without cause to believe that the property was subject to forfeiture. *See generally* Doc. No. 245 at 6.[4]

## II.   ANALYSIS.

### A.   Motion to Strike for Lack of Standing.

1.   Standard of Review.

In order to assert a claim against civil forfeiture, a claimant must demonstrate that it has both Article III and statutory standing.  *United States v. $38,000.00 in United States Currency*, 816 F.2d 1538, 1543, 1545 (11th Cir. 1987).   Standing "is the threshold question in every

---

[3] On October 1, 2010, the Court entered an order permitting Kinetic to file a response to the Motion.  Doc. No. 244.
[4] On October 29, 2010, after being granted leave by the Court, the Government filed a reply (the "Reply") to the Response, wherein it simply reasserts the same arguments raised in the Motion.  Doc. No. 248.

federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 499 (1975).  The Eleventh Circuit has held that a claimant can satisfy Article III standing by demonstrating the existence of an injury by establishing either an ownership or lesser possessory interest in the property. *Via Mat Int'l South America Ltd. v. United States*, 446 F.3d 1258, 1262-63 (11th Cir. 2006); *United States v. $500,000.00*, 730 F.2d 1437, 1439 (11th Cir. 1984). Statutory standing, on the other hand, refers to satisfying the standards set forth in 18 U.S.C. § 983(a)(2)(C), and Rule G(5)(a), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure (the "Supplemental Rules"). *U.S. v. $12,126.00 in U.S. Currency*, 337 Fed.Appx. 818, 819-820 (11th Cir. 2009) (unpublished) (citing *United States v. $38,000.00 in U.S. Currency*, 816 F.2d 1538, 1544-45 (11th Cir. 1987)).[5]

"[A] claimant asserting that he has standing to contest a forfeiture bears the burden at all stages of litigation of establishing his interest." *United States v. $960,000.00 in United States Currency*, 307 Fed.Appx. 251, 255 (11th Cir. 2006) (unpublished).  "In other words, the claimant must move forward 'with the manner and degree of evidence required at the successive stages of the litigation.'" *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).  Thus, the United States Supreme Court has held:

> At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim.  In response to a summary judgment motion, however, the plaintiff can no longer rest on such mere allegations, but must set forth by affidavit or other evidence specific facts which for purposes of the summary judgment motion will be taken as true.  And at the final stage, those facts (if controverted) must be supported adequately by the evidence adduced at trial.

---

[5] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.

*Lujan*, 504 U.S. at 562.  Accordingly, at the initial pleading stage, all that is required to establish standing are the general factual allegations of injury to support Article III standing and factual allegations supporting statutory standing under 18 U.S.C. § 983(a)(2)(C).  *See generally United States v. $11,922,300.00 Assorted Brands of Cigarettes*, 2006 WL 850890 at *1 (E.D. Wash. Mar. 20, 2006).

After a verified complaint for civil forfeiture is filed by the Government, "[a]ny person claiming property seized . . . may file a claim. . . ."  18 U.S.C. § 983(a)(2)(A); *see also* Rule G(5)(a)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules") ("A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending.").  A claim must: "identify the specific property claimed; identify the claimant and state the claimant's interest in the property; be signed by the claimant under penalty of perjury; and be served on the government. . . ."  Rule G(5)(a)(i)(A)-(D), Supplemental Rules; *see also* 18 U.S.C. § 983(a)(2)(C).  Within twenty-one (21) days after claim is filed, a claimant must serve and file an answer to the complaint or a Rule 12 motion.  Rule G(5)(b), Supplemental Rules.

After a claim is filed and any time before trial, the Government may move to strike the claim or answer under Rule G(8)(c), Supplemental Rules.  *Id*.  Rule G(8)(c) provides:

> [T]he [G]overnment may move to strike a claim or answer:
> (A) for failing to comply with Rule G(5) or (6), or
> (B) because the claimant lacks standing.

*Id*.  Thus, according to the Supplemental Rules, the Government may move to strike a claim for lack of standing.  *Id*.

2.   Kinetic's Standing As To Those Assets Not in the Name of the Judgment Debtors.

The Government has conceded that Kinetic has standing to assert a claim as to those assets titled in the name of the Judgment Debtors.  Doc. No. 199 at 3.  However, the Government contends that Kinetic lacks standing to assert a claim against any other defendant assets.  In order to satisfy statutory standing, a claimant must: "identify the specific property being claimed; state the claimant's interest in such property; and be made under oath. . . ."  18 U.S.C. § 983(a)(2)(C).  *See also* Rule G(5)(a)(i)(A)-(D), Supplemental Rules.  Section 983(d)(6)(A) defines the term "owner" as "a person with an ownership interest in the specific property sought to be forfeited, including a leasehold, lien, mortgage, recorded security interest, or valid assignment of an ownership interest. . . ."  *Id*. (emphasis added).[6]

In this case, Kinetic has identified the specific property being claimed (*see* Doc. No. 64 at 2-10), stated Kinetic's interest in that property – the liens resulting from the domestication of the judgments (*see* Doc. No. 64 at 2-3), and made the Claim under oath (Doc. No. 64 at 11).  That is all Kinetic is required to do at this early stage in the proceedings.[7]  Accordingly, to the extent the Motion requests that the Court strike the Claim for lack of standing as to those assets not held in the name of the Judgment Debtors, it is recommended that the Court **DENY** the Motion.

---

[6]Section 983(d)(6)(B), specifically excludes the following from the definition of an "owner": "a person with only a general unsecured interest in, or claim against, the property or estate of another; a bailee unless the bailor is identified and bailee shows a colorable legitimate interest in the property seized; or a nominee who exercises no dominion or control over the property."  *Id*.

[7]*See Via Mat In'l South America Ltd.*, 446 F.3d at 1262-63 (a claimant satisfies Article III standing by showing either an ownership or lesser possessory interest); *$11,922,300.00 Assorted Brands of Cigarettes*, 2006 WL 850890 at *1 (E.D. Wash. Mar. 20, 2006) ("In order to assert the innocent owner defense, claimants must have a colorable interest in the property. . . .  Plaintiff challenged the claimants' assertions that they had a colorable interest. . . .  At this point in the proceedings, the Court accepts the claimants' claims . . . as true.  Because questions of fact exist regarding this issue, it would be better handled on a motion for summary judgment after discovery has been completed.").

B.  **Motion to Dismiss For Failure to State a Claim.**

1.  Standard of Review.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint or counterclaim may be dismissed for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In deciding a Rule 12(b)(6) motion to dismiss, a court must accept all factual allegations in the complaint as true and read them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 127 S.Ct. 2197, 2199 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002).  To satisfy the Rule 8 pleading requirements, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (citations omitted).   "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 127 S.Ct. at 1964-65 (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."  *Id.* at 1965.  Plaintiff must plead enough facts to state a plausible, and not merely conceivable, basis for the claim.  *Id.*  When considering a motion to dismiss, a court should generally limit that review to "the four corners of the complaint."  *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). Dismissal is also warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of a plaintiff's complaint, there remains a dispositive legal issue which

precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Brown v. Crawford County, Ga.*, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

The Supplemental Rules do not contain a specific provision permitting the Government, as it did in the instant case, to assert a motion to dismiss a claim pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. Rule G(8)(b), does permit a claimant, who has first established standing to submit a claim, to "move to dismiss the action under Rule 12(b)." Rule G(8)(b)(i), Supplemental Rules. Therefore, a claimant may move to dismiss the Government's complaint pursuant to Rule G(8)(b)(i), Supplemental Rules. However, Rule G(1), Supplemental Rules, provides that "[t]o the extent that this rule does not address an issue, . . . the Federal Rules of Civil Procedure also apply." *Id.* Other courts have permitted the Government to move to dismiss a claim at the initial pleading stage under Rule 12(b)(6) or construed the Government's Rule 12(b)(6) motion as a motion to strike under Rule 12(f). *See United States v. 74.05 Acres of Land*, 428 F.Supp.2d 57, 60 n. 2 (D. Conn. 2006) (dismissing third-party claim for lack of standing).[8]

Rule 12(f), Federal Rules of Civil Procedure, governs the sufficiency of affirmative defenses. *Id.* Pursuant to Fed.R.Civ.P. 12(f), the Court may strike "an insufficient defense or

---

[8] The court in *74.05 Acres of Land*, 428 F.Supp.2d at 60 n.2, stated:

> Courts have stricken claims pursuant to Fed.R.Civ.P. 12(f) and dismissed claims to forfeited property for lack of standing pursuant to Fed.R.Civ.P. 12(b)(6). In actions such as the instant one, in which the claimants are akin to intervenor-defendants whose claims constitute defenses to the forfeiture actions, Fed.R.Civ.P. 12(f) "provides the proper procedural basis for the government's motion to strike the claims." *United States v. $79,000 in Account Number 2168050/6749900 at Bank of New York*, 1996 WL 648934, *2 (S.D.N.Y. Nov. 7, 1996) (citations omitted); *see also* Fed.R.Civ.P. 12(f) (providing that "upon motion made by a party before responding to a pleading ... the court may order stricken from any pleading any insufficient defense ..."). Substantively, it matters not which is applied here. Rule 12(f) and Rule 12(b)(6) involve the same standards of proof and evidence, so regardless of which is applied, the test involved and the outcome remain the same. *See Day v. Moscow*, 955 F.2d 807, 811 (2d Cir.1992).

*Id.* (emphasis added).

any redundant, immaterial, impertinent, or scandalous matter." *Id.*   A court may strike an affirmative defense if the defense is insufficient as a matter of law. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla.2002) (citing *Anchor Hocking Corporation v. Jacksonville Electric Authority*, 419 F.Supp. 992, 1000 (M.D.Fla.1976)). Affirmative defenses may be insufficient as a matter of law if they fail to meet the general pleading requirements of Fed.R.Civ.P. 8. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla.2002) (citing *Anchor Hocking Corporation v. Jacksonville Electric Authority*, 419 F.Supp. 992, 1000 (M.D.Fla.1976)); *McGlothan v. Walmart Stores, Inc.*, 2006 WL 1679592 *1 (M.D.Fla.2006).   Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, a defendant must "state in short and plain terms its defenses to each claim asserted against it" and Rule 8(d)(1) requires that "each allegation must be simple, concise, and direct." Fed.R.Civ.P. 8(b) and (d)(1).

To the extent the Motion seeks relief pursuant to Rule 12(b)(6), it is recommended that the Court construe the Motion as a motion to strike under Rule 12(f) because the Claim is a responsive pleading or precursor to an answer.

2.   Forfeiture and the Innocent Owner Defense.

The Government bears the initial burden to establish by a preponderance of the evidence that the defendant property seized is subject to forfeiture.   18 U.S.C. § 983(c)(1).   If the Government is able to meet its initial burden, then the burden shifts to Kinetic to establish the innocent owner defense. Section 983(d)(1) provides that an "innocent owner's interest in property shall not be forfeited under any civil forfeiture statute.   The claimant shall have the burden of proving that the claimant is an innocent owner by a preponderance of the evidence." *Id.*   Thus, the innocent owner defense is an affirmative defense.

The innocent owner defense is codified in Section 983(d), which distinguishes between a property interest that was in existence at the time the illegal conduct giving rise to forfeiture occurred – 18 U.S.C. § 983(d)(2)(A), versus one that was acquired after the conduct giving rise to forfeiture occurred – 18 U.S.C. § 983(d)(3)(A).

    3.   Section 983(d)(2)(A) Defense.

Section 983(d)(2)(A) provides:

> With respect to a property interest in existence at the time the illegal conduct giving rise to forfeiture took place, the term "innocent owner" means an owner who – (i) did not know of the conduct giving rise to forfeiture; or (ii) upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property.

*Id*.   Thus, in order to establish an innocent owner defense under Section 983(d)(2)(A), for a property interest in existence at the time of the illegal conduct, a claimant must demonstrate by a preponderance of the evidence that it did not know of the conduct or, upon learning of the conduct, reasonably tried to terminate any such use of the property.  *Id*.

Kinetic has yet to file an answer under Rule G(5)(b).  No formal discovery has taken place.[9]  The date the alleged criminal conduct giving rise to forfeiture in this case commenced and the forfeitability of the defendant assets has yet to be established.[10]  If the Government is eventually able to meet its burden to establish the forfeitability of the defendant assets by a preponderance of the evidence, the burden of proof would then shift to Kinetic to establish an

---

[9]This case is currently stayed pending the outcome of the criminal investigation, and potential prosecution, of those individuals the Government believes are responsible for the criminal conduct giving rise to this forfeiture proceeding.  *See* Doc. Nos. 213, 215.

[10] The Government argues as though the date the conduct giving rise to this forfeiture action is an established fact.  Doc. No. 199 at 10.  However, Kinetic has not yet made any such admission.  Nevertheless, that is the premise for most of the Government's remaining arguments.  For example, on that basis the Government maintains Kinetic's Claim under Section 983(d)(2)(A) is barred by the relation-back doctrine and Kinetic's can then only pursue a Section 983(d)(3)(A) claim which is ultimately doomed because Kinetic cannot meet the requirements of that subsection.

innocent owner defense under either Section 983(d)(2)(A) or 3(A) by a preponderance of the evidence. 18 U.S.C. § 983(d)(2)-(3).

In the Claim, Kinetic asserts that it is an "innocent owner" pursuant to Section 983(d). Doc. No. 64 at 1, 10. The Court must accept the factual allegations contained within the four corners of the Claim as true. *Pardus*, 127 S.Ct. at 2199; *St. George*, 285 F.3d at 1337. At this point in the proceedings, Kinetic has sufficiently alleged a colorable interest in the property sought to be forfeited. *See Lujan*, 504 U.S. at 562; *$960,000.00 in United States Currency*, 307 Fed.Appx. at 255. Accordingly, to the extent the Motion requests that the Court strike the Claim under Section 983(d)(2)(A), it is recommended that the Court **DENY** the Motion.

    4. Section 983(d)(3)(A) Defense.

Section 983(d)(3)(A) provides:

> With respect to a property interest acquired after the conduct giving rise to the forfeiture has taken place, the term "innocent owner" means a person who, at the time that person acquired the interest in the property – (i) was a bona fide purchaser or seller for value (including a purchaser or seller of goods or services for value); and (ii) did not know and was reasonably without cause to believe that the property was subject to forfeiture.

*Id*. Thus, in order to establish an innocent owner defense under Section 983(d)(3)(A), for a property interest arising after the conduct giving rise to forfeiture occurred, a claimant must demonstrate by a preponderance of the evidence that it was a bona fide purchaser or seller for value and did not know or was reasonably without cause to believe the property at issue was subject to forfeiture. *Id*.

As to Kinetic's Claim under Section 983(d)(3)(A), Kinetic has specifically alleged that it is an "innocent owner, good faith purchaser for value, and lessor entitled to enforce [its] contractual rights and domesticated and recorded collection judgments. . . ." Doc. No. 64 at 1.

The Government disputes these factual allegations, arguing that Kinetic is not an innocent owner under Section 983(d)(3)(A) because Kinetic is not a bona fide purchaser or seller for value, and because Kinetic was not without reason to know that the defendant assets were subject to forfeiture.  Doc. No. 199 at 13-17.  However, assuming the facts alleged in the Claim are true, Kinetic has adequately stated an affirmative defense.[11]  Accordingly, to the extent the Motion requests that the Court strike the Claim as to Section 983(d)(3)(A), it is recommended that the Motion be **DENIED**.

     5.   The Relation-Back Doctrine.

The relation-back doctrine is contained in 18 U.S.C. § 981(f), and provides: "All right, title, and interest in property described in subsection (a) of this section shall vest in the United States upon commission of the act giving rise to forfeiture under this section."  *Id*.  In *United States v. 92 Buena Vista Avenue*, 507 U.S. 111 (1993), a plurality opinion, the United States Supreme Court considered a prior forfeiture statute which also provided that "[a]ll right, title and interest in property described in subsection (a) of this section shall vest in the United States upon commission of the act giving rise to forfeiture under this section."  507 U.S. at 117.  In *Buena Vista*, the Government argued, as it does here, that the claimant could not assert a claim to the property because the relation-back statute vested ownership of the property in the United States "at the moment when the proceeds of an illegal drug transaction were used to pay the purchase price."  *Id*. at 123-24.  The Court disagreed and found that the relation-back doctrine, as set forth in the statute and as it was understood at common law, did not make the Government an owner before a final judgment of forfeiture was decreed.  *Id*. at 124-129.  The Court noted that to rule

---

[11]At this stage in the case, it is inappropriate for the Court to make a finding as to whether or not Kinetic is a bona fide purchaser or seller for value or a factual finding as to whether Kinetic had cause to believe the property at issue was subject to forfeiture.

otherwise would "<u>effectively eliminate the innocent owner defense in almost every imaginable case in which proceeds could be forfeited</u>." *Id*. at 124 (emphasis added).

The Court held: "<u>The Government cannot profit from the common law doctrine of relation-back until it has obtained a judgment of forfeiture</u>.   And it cannot profit from the statutory version of that doctrine . . . until [the claimant] has had the chance to invoke and offer evidence to support the innocent owner defense. . . ."  *Id*.  at 129 (emphasis added).  Thus, the Court found that the relation-back doctrine "does not automatically vest title to property in the Government," and title is not perfected until the final order or decree of forfeiture is entered.  *Id*. at 125-129.[12]

In *United States v. Bailey*, 419 F.3d 1208, 1212-14 (11th Cir. 2005), the Eleventh Circuit held:

> What we take from these cases is that the relation-back doctrine operates *retroactively* to vest title in the Government effective as of the time of the act giving rise to the forfeiture.  That is, it does

---

[12] Justice Scalia's concurring opinion stated the following:

> The Government's argument in this case has rested on the fundamental misconception that, under the common-law relation-back doctrine, all rights and legal title to the property pass to the United States "at the moment of illegal use." Brief for United States 16. Because the Government believes that the doctrine operates at the time of the illegal act, it finds the term "relation back " to be "something of a misnomer." *Ibid*. But the name of the doctrine is not wrong; the Government's understanding of it is. It is a doctrine of retroactive vesting of title that operates only upon entry of the judicial order of forfeiture or condemnation: "[T]he decree of condemnation when entered relates back to the time of the commission of the wrongful acts, and takes date from the wrongful acts and not from the date of the sentence or decree." *Henderson's Distilled Spirits*, 14 Wall. 44, 56, 20 L.Ed. 815 (1872). "While, under the statute in question, a judgment of forfeiture relates back to the date of the offense as proved, that result follows only from an effective judgment of condemnation." *Motlow v. State ex rel. Koeln*, 295 U.S. 97, 99, 55 S.Ct. 661, 662, 79 L.Ed. 1327 (1935). The relation-back rule applies only "in cases where the [Government's] title ha[s] been consummated by seizure, suit, and judgment, or decree of condemnation," *Confiscation Cases*, 7 Wall. 454, 460, 19 L.Ed. 196 (1869), whereupon "the doctrine of relation carries back the title to the commission of the offense," *United States v. Grundy*, 3 Cranch 337, 350-351, 2 L.Ed. 459 (1806) (Marshall, C.J.) (emphasis added). *See also United States v. Stowell*, 133 U.S. 1, 16-17, 10 S.Ct. 244, 247-248, 33 L.Ed. 555 (1890), quoted ante, at 1136.

*Id*. at 131-32 (Scalia, J., concurring).

> not "secret[ly]" vest title at the very moment of the act, *id.*, but rather title vests at the time of the court-ordered forfeiture and then relates back to the act.

*Id.* (quoting *Buena Vista*, 504 U.S. at 131-32 (Scalia, J., concurring) (emphasis in original)). Thus, the relation-back doctrine cannot be used to defeat the innocent owner claims of third-parties before a judgment on the merits of the forfeiture action is obtained. *See also United States v. Kaley*, 579 F.3d 1246, 1265 n. 11 (11th Cir. 2009) (Tjoflat, J., concurring) ("Our decision in *United States v. Bailey*, 419 F.3d 1208 (11th Cir. 2005), further affirms that criminal defendants retain an interest in forfeitable property."). To find otherwise would render the innocent owner defense contained in Sections 983(d)(2)(A) and (3)(A) meaningless.

The Government states that the relation-back doctrine applies to innocent owner claims under paragraphs (2) and (3) of Section 983(d). Doc. No. 199 at 13. The Government correctly acknowledges that the retroactive vesting of title is not effective until the forfeiture is complete. Doc. No. 199 at 9 n. 4. *See Bailey*, 419 F.3d at 1213 (the relation-back doctrine does not operate retroactively until the Government obtains a final order of forfeiture). Accordingly, it is recommended that the Court **DENY** the Motion to the extent it requests that the Claim be stricken based on the relation-back doctrine.

## III.   CONCLUSION.

Based on the forgoing, it is recommended that the Court:

1. **DENY** the Motion (Doc. No. 199); and

2. Direct Kinetic to file an answer or motion to dismiss pursuant to Rules G(5)(b) or G(8)(b) within twenty-one (21) days after the stay is lifted.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE and ORDERED** at Orlando, Florida on December 2, 2010.


_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

**Copies to:**
**Presiding District Judge**
**Counsel of Record**
**Unrepresented Parties**