**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**-vs-**                                                    **Case No.  6:09-cv-1852-Orl-28GJK**

**ASSETS DESCRIBED IN "ATTACHMENT**
**A" TO THE VERIFIED COMPLAINT**
**FORFEITURE IN REM,**

**Defendant.**
_____

# ORDER

This civil forfeiture case is before me on the United States' Motion to Strike and/or Dismiss Fourth Amended Claim (Doc. 199).  The assigned United States Magistrate Judge has submitted a Report (Doc. 256) recommending that the motion be denied.  After review of the record in this matter, including the Objection (Doc. 262) filed by the United States to the Report and the Response (Doc. 266) to that Objection that was filed by First Bank & Trust Services, a Division of Kinetic Leasing, Inc. ("Kinetic"), I agree with the magistrate judge's recommendation that the motion be denied.

## I.  Background

The United States initiated this civil forfeiture action on October 30, 2009 by filing a Verified Complaint for Forfeiture in Rem (Doc. 1) against assets that allegedly constitute or are derived from proceeds of unlawful activity—wire fraud offenses committed as part of an international Ponzi scheme that was allegedly operated in part by Pedro Benevides ("Benevides").  The Government later filed an Amended Complaint (Doc. 56), and Kinetic

has filed a claim, which it has amended several times, against some of the property sought to be forfeited; the operative claim of Kinetic at this point is the Amended Verified Claim ("Fourth Amended Claim") (Doc. 64) filed on January 27, 2010.  In its Fourth Amended Claim, Kinetic asserts that it is a judgment creditor of Benevides and of two companies—Superior International Investments Corp. ("SIIC"), and Skyview Aviation, Inc. ("Skyview")—operated by Benevides, and on that basis, Kinetic claims an interest in the assets at issue.

The Government's Motion to Strike and/or Dismiss (Doc. 199) is now at issue.  In that motion, the Government seeks to strike and/or dismiss Kinetic's Fourth Amended Claim on two bases.  First, the Government contends that Kinetic lacks standing to contest the forfeiture of assets not titled in the names of Benevides, SIIC, or Skyview.  Second, although acknowledging that Kinetic possesses the requisite standing to contest the forfeiture of assets that *are* titled in the name of Benevides, SIIC, or Skyview, the Government, citing Federal Rule of Civil Procedure 12(b), argues that Kinetic has "failed to state a claim for which relief can be granted" even as to those assets because as a matter of law Kinetic cannot demonstrate that it is an "innocent owner" under 18 U.S.C. § 983(d).

## II.  Discussion

### A.  Overview of Civil Forfeiture Law

The rules pertaining to civil forfeiture proceedings are set forth in 18 U.S.C. § 983 and in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.[1]  Rule G sets forth the requirement that the

---

[1] See 18 U.S.C. § 983(a)(4)(A) (providing that "[i]n any case in which the Government

Government file a Complaint, see Rule G(2), and also provides that "[a] person who asserts an interest in the defendant property"—analogous to an intervenor in a typical civil case—"may contest the forfeiture by filing a claim in the court where the action is pending," Rule G(5)(a)(i). Such a claim "must: (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the government attorney." Id.; accord 18 U.S.C. § 983(a)(2)(C). Additionally, after a claimant files a claim, the claimant "must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim." Rule G(5)(b).[2]

Rule G also provides for the filing of certain motions, including the filing by a claimant of a motion to dismiss the action, see Rule G(8)(b), and the filing by the Government of a motion to strike a claim or an answer, see Rule G(8)(c). With regard to the latter, the Rule states that "the government may move to strike a claim or answer: (A) for failing to comply with Rule G(5) or (6), or (B) because the claimant lacks standing." Rule G(8)(c)(i). If the case proceeds to trial, the Government bears the burden of establishing the forfeitability of the property by a preponderance of the evidence. See 18 U.S.C. § 983(c)(1). If the Government is successful in doing so, claimants then have an opportunity to establish the

_____

files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims").

[2]As noted in the magistrate judge's Report, Kinetic has not yet file an answer because the case has been stayed. (See Doc. 256 at 2 n.2). The Report recommends that Kinetic be directed to file an answer within twenty-one days of the lifting of the stay. (See id. at 14). That recommendation is adopted later in this Order.

"innocent owner defense," an affirmative defense that is provided for in 18 U.S.C. § 983(d)(1).  See id. ("An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute.").

B.  The Merits of the Government's Motion

1.  Standing As to "Untitled" Assets

The Government first contends that Kinetic lacks standing to assert an interest in assets not titled to Benevides, SIIC, or Skyview.

There are two types of standing involved in civil forfeiture cases—Article III standing, which is at issue in every federal case and requires that there be an actual "case" or "controversy," and "statutory standing," which requires that a claimant satisfy statutory requirements.  See generally United States v. $38,000.00 Dollars in U.S. Currency, 816 F.2d 1538, 1543-47 (11th Cir. 1987).  The Government argues in this part of its motion both that Kinetic lacks Article III standing with regard to these assets because it does not have a colorable interest sufficient to confer such standing and that Kinetic lacks statutory standing because it cannot establish that it is an "owner" of these assets within the definition of 18 U.S.C. § 983(d)(6).

a.  Article III Standing

In order to have Article III standing in a civil forfeiture case, a claimant must have a "facially colorable interest" in the property at issue, and courts have repeatedly noted that this standard is not difficult to satisfy.  See, e.g., United States v. One-Sixth Share, 326 F.3d 36, 41 (1st Cir. 2003) ("At the initial stage of intervention [by a claimant in a civil forfeiture case], the requirements for a claimant to demonstrate constitutional standing are very

forgiving. In general, any colorable claim on the defendant property suffices."); United States v. $557,933.89, More or Less, 287 F.3d 66, 79 (2d Cir. 2002) ("[T]he only question that the courts need assess regarding a claimant's standing [in a civil forfeiture proceeding] is whether he or she has shown the required 'facially colorable interest,' not whether he ultimately proves the existence of that interest." (citation omitted)).

Kinetic's claim to the "untitled" assets is rooted in allegations made by the Government regarding efforts made—in the course of the underlying criminal activity—to conceal the true ownership of certain assets. Essentially, Kinetic is asserting that it has an interest in whatever assets are owned by Benevides, SIIC, and Skyview—including assets as to which there may be an unresolved issue as to ownership due to concealment of true ownership. The issue of ownership is for a later stage of the proceeding, but at this point Kinetic has adequately set forth its alleged interest in the subject property—even property as to which title has not yet been determined—so as to have Article III standing to contest the forfeiture requested by the Government.

b.  Statutory Standing

The Government also argues that Kinetic "lacks statutory standing to contest a forfeiture" as to the untitled assets because it cannot demonstrate that it is an "owner" as defined in 18 U.S.C. § 983(d)(6).  (See Doc. 199 at 5).  However, whether Kinetic is an "owner" is not germane to the issue of whether it has statutory standing to contest the forfeiture.

As the Eleventh Circuit recently noted, "standing" and "ownership" are distinct concepts in civil forfeiture law.  See United States v. One 1990 Beechcraft, 1900 C Twin

Engine Turbo-Prop Aircraft, 619 F.3d 1275, 1277 n.3 (11th Cir. 2010) ("The district court cast its ruling in terms of 'statutory standing,' reasoning that because [the claimant] was not the 'owner' of the plane, it lacked 'statutory standing' to raise the innocent owner defense at all. 'Although many cases refer to [the statutory definition of ownership] as part of the "standing" inquiry, it is in fact an element of the innocent owner's claim on the merits . . . .'" (second alteration in original) (quoting United States v. One Lincoln Navigator 1998, 328 F.3d 1011, 1014 (8th Cir. 2003))).  Although the two issues are sometimes blurred in reported decisions, they should properly remain separate because they pertain to different stages of the forfeiture case.  See Stefan D. Cassella, Asset Forfeiture Law in the United States 332 (2007) ("Standing and ownership are separate concepts that are often confused in the case law. . . . [S]tanding and ownership come into play at different stages in the civil forfeiture case and are governed by different bodies of law.").

The Government's argument that Kinetic lacks statutory standing because it cannot establish that it comes within the statutory definition of "owner" is without merit.  Kinetic has statutory standing because it has complied with the requirements of 18 U.S.C. § 983(a)(2) and Rule G(5)(a) regarding the filing of a claim.  The definition of "owner" and the elements of the "innocent owner defense" set forth in 18 U.S.C. § 983(d) do not relate to the standing inquiry, and the Government's motion to dismiss Kinetic's claim for lack of statutory standing is denied.

2.  Failure to State a Claim

The Government's second argument is that—even as to property titled in the name of Benevides, SIIC, or Skyview—Kinetic "fails to state a claim for which relief can be granted"

because Kinetic cannot as a matter of law establish that it is an "innocent owner" even though in its Fourth Amended Claim Kinetic has referred to itself as an "innocent owner." The Government moves to dismiss Kinetic's Fourth Amended Claim altogether on this basis.

Although the Government does not couch its argument regarding the "titled" assets in terms of statutory standing, the crux of its argument regarding Kinetic's "failure to state a claim" is essentially the same as the statutory standing argument it made with regard to the untitled assets.  The Government asserts that Kinetic cannot meet the definition of "innocent owner" in 18 U.S.C. § 983(d)(2) or (3) and that therefore Kinetic "fails to state a claim."  In making this assertion, the Government is conflating the issue of a sufficient claim with the issue of the sufficiency of stating and satisfying an affirmative defense that has not yet become an issue in the case.

Again, the issue of "ownership" or "innocent owner" does not relate to either standing or to the sufficiency of a claim.  See, e.g., One 1990 Beechcraft, 619 F.3d at 1277 n.3.  As one author has aptly explained, "[a] person with standing to contest the forfeiture can engage in pre-trial discovery, file dispositive motions, put the Government to its proof in the first phase of the forfeiture trial . . . , and otherwise litigate the forfeiture case whether or not he ever asserts innocent ownership as an affirmative defense to the forfeiture."  Cassella, supra, at 334.  The innocent owner affirmative defense has not yet been raised in this case, and any discussion of it is premature at this point.

The innocent owner defense is typically asserted in a claimant's answer, not in its claim, and the burden of establishing an innocent owner defense does not arise until after

the Government meets its burden of establishing the forfeitability of the subject property in the first instance.   In its Fourth Amended Claim, Kinetic did include "innocent owner" language[3]; however, the inclusion of such language should not and does not affect sufficiency of an otherwise properly stated claim.  A claimant's claim in a civil forfeiture action needs to include what is required by Rule G(5)(a) and 18 U.S.C. § 983(a) but need not include an "innocent owner defense" because such a defense is an affirmative defense that should be asserted in an answer and may be attacked by the Government at a later stage of the case.

The Government has conceded that Kinetic has standing to file a claim, at least insofar as it pertains to assets titled in the name of the judgment debtors.  Even if Kinetic is unable to later state a legally adequate innocent owner defense or to establish such a defense once the Government first proves the forfeitability of the property, the proper remedy would not be "dismissing" Kinetic's claim altogether.  Whether Kinetic is an "innocent owner" is not relevant to whether Kinetic is a proper claimant at this stage of the case.  No basis for dismissal or striking of Kinetic's claim has been presented, and the second portion of Kinetic's motion is therefore denied.

### III.  Conclusion

In accordance with the foregoing, it is **ORDERED** as follows:

---

[3]In its Objections to the magistrate judge's Report, the Government notes in part: "The United States agrees that at this early stage in the proceeding it is inappropriate to address the merits of Kinetic's innocent owner defense. **In fact, Kinetic has yet to assert an innocent owner defense because it has not filed an answer**.  Nonetheless, Kinetic asserted in its claim to the defendant assets—including non-Judgment Debtor asserts—that it is an 'innocent owner' under section 983."  (Doc. 262 at 9) (emphasis added).

1.   To the extent that it is not inconsistent with this Order, the Report and Recommendation filed on December 2, 2010 (Doc. 256) is **ADOPTED**.

2.   The United States' Motion to Strike and/or Dismiss Fourth Amended Claim of Kinetic (Doc. 199) is **DENIED** in all respects.

3.   This case is currently stayed.  Within twenty-one days of the lifting of the stay, Kinetic shall file an answer pursuant to Rule G(5)(b) or a motion to dismiss pursuant to Rule G(8)(b).

**DONE** and **ORDERED** in Orlando, Florida this 6th day of May, 2011.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Magistrate Judge
Counsel of Record
Unrepresented Party