**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

    Plaintiff,

    v.                                 Case No. 6:09-cv-1852-Orl-28GJK

**ASSETS DESCRIBED IN
"ATTACHMENT A" TO THE
VERIFIED COMPLAINT
FOR FORFEITURE IN REM,**

    Defendants.

**UNITED STATES' SECOND MOTION
FOR A JUDGMENT OF FORFEITURE FOR CERTAIN ASSETS**

The United States of America, by and through the undersigned Assistant United States Attorney, moves the Court, pursuant to 18 U.S.C. § 981(a)(1)(A) and (C) and Supp'l Rule G, Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, for a Judgment of Forfeiture for the following defendant assets:

    1.    2008 Gray Nissan Armada, VIN #5N1BA08DX8N621236, titled in the name of Luiz Trindade, seized on February 10, 2009 from 2450 Dahlgren Way, Winter Garden, FL;

    2.    Approximately $358,959.81 seized from SunTrust Bank Account #1000083744432, held in the name of Luzia Maria Trindade, Sabrina Trindade Zanchet, and Gabriel Trindade on September 16, 2009;

    3.    Approximately $346,495.44 seized from SunTrust Bank Account #1000083744440, in the name of Sabrina Trindade Zanchet on September 16, 2009;

    4.    Approximately $200,000 seized from Whitney National Bank Account #0730 660 109 held in the name of DWB

        Holdings LLC on August 26, 2008; and

5.     Approximately $10,000.37 seized from First National Bank of Central Florida Account #001508156 held in the name of Daniel Rojo Filho on or about November 4, 2008.

Additionally, the United States seeks to dismiss the following defendant assets from this action:

6.     Approximately $316,207.00 seized from First National Bank of Central Florida Account #123000153 held in the name of Daniel Rojo Filho on or about November 4, 2008; and

7.     Approximately $95,849.71 seized from Center State Bank Account #542007275 held in the name of Leesburg Title & Escrow Services, Inc on or about November 4, 2008; and

8.     Approximately $100,000 seized from Regions Bank Account #0095243542 held in the name of DWB Developers, LLC on September 25, 2008.

In support of its motion, the United States submits the following memorandum of law.

## MEMORANDUM OF LAW

**I.**    **Statement of Facts**

    **A.**    **Defendant Assets Contained in the Corrected Verified Complaint for Forfeiture *in Rem***

1.     On or about December 2, 2009, the United States filed a Corrected Verified Complaint for Forfeiture *in Rem* seeking forfeiture of, in pertinent part, the defendant assets more fully identified above as numbers 1-4 and 8, pursuant to 18 U.S.C. § 981(a)(1)(C), because they were purchased or funded with proceeds obtained from wire fraud offenses and, pursuant to 18 U.S.C. § 981(a)(1)(A),

because the monetary transactions made to purchase or fund those assets were made in violation of 18 U.S.C. § 1957(a).  *See* Doc. 10.  Additionally, the United States sought the forfeiture of the defendant assets more fully identified above as numbers 2-3 and 8, pursuant to 18 U.S.C. § 981(a)(1)(A), because the funds were involved in money laundering offenses, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). *Id.*

2. On December 15, 2009, the Department of Treasury served Warrants of Arrest *in Rem* issued by the Clerk of Court pursuant to the Order Directing Issuance of the Warrants of Arrest *in Rem* on the defendant assets more fully identified above as numbers 1-3.  Docs. 37, 38, 42.  Thereafter, on October 23, 2013, the Department of Treasury served a Warrant of Arrest *in Rem* issued by the Clerk of Court pursuant to the Order Directing Issuance of the Warrants of Arrest *in Rem* on the defendant asset more fully identified above as number 4. Doc. 284.  The Warrants of Arrest *in Rem* authorized the Department of Treasury to seize those defendant assets, which were already in the Department of Treasury's custody.  Those defendant assets remain in the custody, control and possession of the Department of Treasury pending the resolution of this forfeiture action.

3. On January 4, 2010, the United States filed a Declaration of Publication, which reflected that notice of this forfeiture was posted on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days,

3

from November 16, 2009 through December 15, 2009, as required by Supp'l Rule G(4)(a)(iv)(C). Doc. 45.

> 1.  *2008 Gray Nissan Armada, VIN #5N1BA08DX8N621236 titled in the name of Luiz Trindade*

4. The only individual or entity known to have an interest in this vehicle is Luiz Trindade, Daniel Rojo Filho's brother-in-law. On September 20, 2013, Luiz Trindade signed a Consent to Forfeiture for this vehicle. *See* Exhibit A.

> 2.  *Approximately $358,959.81 seized from SunTrust Bank Account #1000083744432, held in the name of Luzia Maria Trindade, Sabrina Trindade Zanchet, and Gabriel Trindade*

5. The only individuals or entities known to have an interest in the funds seized from this account are Daniel Rojo Filho's wife, Luzia Maria Trindade, and children, Sabrina Trindade Zanchet, and Gabriel Trindade Rojo.

6. As detailed more fully in the United States' Motion for Clerk's Entry of Default, Doc. 210, on November 12, 2009, January 6, 2010 and January 12, 2010, in accordance with Supp'l Rule G(4), the United States served written notice of the civil forfeiture action, along with a copy of the Notice of Corrected Complaint for Forfeiture *in Rem*, a copy of the Corrected Verified Complaint for Forfeiture *in Rem*, Warrants of Arrest *in Rem*, Designation as a Track One Case, Interested Persons Order for Civil Cases, and one copy of the Acknowledgment of Receipt of Notice of Forfeiture in Rem ("Notice Package") on Luzia Maria Trindade.

7. The Notice Package directed Luzia Maria Trindade to file a Statement of Right or Interest with the Clerk of Court within 35 days after receipt of

the notice.   Luzia Maria Trindade did not file a claim.   Accordingly, on August 10, 2010, a Clerk's Default was entered against Luzia Maria Trindade.   Doc. 236.

8. On or about August 30, 2013, Daniel Rojo Filho, on behalf of his children, Sabrina Trindade Zanchet, and Gabriel Trindade Rojo, signed a Consent to Forfeiture for the funds seized from this account. *See* Exhibit B.

> 3. *Approximately $346,495.44 seized from SunTrust Bank Account #1000083744440, in the name of Sabrina Trindade Zanchet*

9. The only individual or entity known to have an interest in the funds seized from this account is Sabrina Trindade Zanchet.   Daniel Rojo Filho, on behalf of Sabrina Trindade Zanchet, signed a Consent to Forfeiture for the funds seized from this account. *See Id.*

> 4. *Approximately $200,000 seized from Whitney National Bank Account #0730 660 109 held in the name of DWB Holdings LLC*

10. The only individual or entity known to have an interest in the funds seized from this account is DWB Holdings LLC.   Doc. 21.   Daniel Rojo Filho, individually and on behalf of DWB Holdings LLC, signed a Consent to Forfeiture for the funds seized from this account.   *See* Exhibit B.

>   5.   Approximately $100,000 seized from Regions Bank Account #0095243542 held in the name of DWB Developers, LLC

11.   The only individual or entity known to have an interest in the funds seized from this account is DWB Developers, LLC.  Doc. 21. Daniel Rojo Filho, individually and on behalf of DWB Developers, LLC, signed a Consent to Forfeiture for the funds seized from this account.  *See* Exhibit B.  However, unbeknownst to the undersigned, the funds from this account were administratively forfeited by the United States Department of Homeland Security prior to the initiation of these proceedings.  Consequently, the funds seized from this account should not have been included in these proceedings.  *See, e.g.*, *Malladi Drugs and Pharmaceuticals, Ltd. v. Tandy*, 552 F.3d 885, 887 (D.C. Cir. 2009 ("An administrative forfeiture has the same force and effect as a final decree and order of forfeiture in a judicial proceeding.").  As a result, the United States seeks to dismiss these funds from this action.

### B.   Defendant Assets Contained in the Amended Verified Complaint for Forfeiture *in Rem*

12.   On January 20, 2010, the United States filed an Amended Verified Complaint for Forfeiture *in Rem* seeking forfeiture of, in pertinent part, the defendant assets more fully identified above as numbers 5-7, pursuant to 18 U.S.C. § 981(a)(1)(C), because they were funded with proceeds obtained from wire fraud offenses.  *See* Doc. 56.  Additionally, the United States sought to forfeit the defendant assets more fully identified above as numbers 6 and 7,

pursuant to 18 U.S.C. § 981(a)(1)(A), because the monetary transactions made to fund those assets were made in violation of 18 U.S.C. § 1957(a).  *Id.*  Lastly, the United States also sought the forfeiture of the defendant assets more fully identified above as numbers 5-7, pursuant to 18 U.S.C. § 981(a)(1)(A), because the funds were involved in money laundering offenses, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).  *Id.*

      13.    On March 12, 2010, the Department of Treasury served Warrants of Arrest *in Rem* issued by the Clerk of Court pursuant to the Order Directing Issuance of the Warrants of Arrest *in Rem* on the defendant assets more fully identified above as numbers 5-7.  Docs. 146, 147, and 162.  The Warrant of Arrest *in Rem* authorized the Department of Treasury to seize those defendant assets, which were already in the Department of Treasury's custody.  Those defendant assets remain in the custody, control and possession of the Department of Treasury pending the resolution of this forfeiture action.

      14.    On April 5, 2010, the United States filed a Declaration of Publication, which reflected that notice of the Amended Complaint for Forfeiture *in Rem* was posted on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, from March 1, 2010 through March 30, 2010, as required by Supp'l Rule G(4)(a)(iv)(C).  Doc. 201.

       1.    *Approximately $10,000.37 seized from First National Bank of Central Florida Account #001508156 held in the name of Daniel Rojo Filho*

15.    The only individual or entity known to have an interest in the funds seized from this account are Daniel Rojo Filho[1] and First Bank & Trust Leasing Services, a Division of Kinetic Leasing, Inc. (Kinetic).   Doc. 64.

16.    Daniel Rojo Filho signed a Consent to Forfeiture for the funds seized from this account.   *See* Exhibit B.

17.    Kinetic signed a settlement agreement whereby it consented to the forfeiture of the fund seized from this account.   *See* Exhibit C at 8.

       2.    *Approximately $316,207.00 seized from First National Bank of Central Florida Account #123000153 held in the name of Daniel Rojo Filho*

18.    The only individual or entity known to have an interest in the funds seized from this account are Daniel Rojo Filho[2] and Kinetic.   Doc. 64.

19.    Daniel Rojo Filho signed a Consent to Forfeiture for the funds seized from this account.   *See* Exhibit B.

---

[1] Daniel Rojo Filho did not file a claim to contest the forfeiture of the funds seized from this account.   Accordingly, on August 10, 2010, a Clerk's Default was entered against Daniel Rojo Filho for failing to file a timely claim after reasonable notice of these proceedings was provided to him.   Doc. 236.

[2] Again, Daniel Rojo Filho did not file a claim to contest the forfeiture of these funds after reasonable notice of these proceedings was provided to him.   Doc. 236.

20.     Because all potential claims to the funds seized from this account were resolved, the United States agreed to dismiss these funds from this litigation as part of its settlement agreement with Kinetic.   See Exhibit C at 7.

> 3.     *Approximately $95,849.71 seized from Center State Bank Account #542007275 held in the name of Leesburg Title & Escrow Services, Inc.*

21.     The only individuals or entities known to have an interest in the funds seized from this account are Leesburg Title & Escrow Services, Inc. and Kinetic. Docs. 99 and 64.

22.     On August 22, 2013, Leesburg Title & Escrow Services, Inc. signed a Consent to Forfeiture for the funds seized from this account.   See Exhibit D.

23.     Because all potential claims to the funds seized from this account were resolved, the United States agreed to dismiss these funds from this litigation as part of its settlement agreement with Kinetic.   See Exhibit C at 8.

**II.     Legal Argument**

As detailed in the Corrected and Amended Complaints for Forfeiture *in Rem*, the wire fraud offenses which give rise to this action involve an international Ponzi/Pyramid scheme operated by EMG d/b/a Finanzas Forex, DWB Holding Company, Superior International Investments Corporation, German Cardona, Daniel Rojo Filho, Pedro Benevides and others in which investors were defrauded out of millions of dollars.   The United States alleges that the above-referenced assets are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because they

constitute proceeds traceable to a "specified unlawful activity," as that term is defined in 18 U.S.C. § 1956(c)(7). A "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7), includes offenses listed in 18 U.S.C. § 1961(1). Specifically, 18 U.S.C. § 1961(1) includes violations of 18 U.S.C. § 1343 (relating to wire fraud) and the above-referenced assets are traceable to proceeds obtained from the wire fraud offenses as detailed in the Amended Complaint for Forfeiture *in Rem*.

Moreover, the defendant assets more fully identified above as numbers 2,3, 5, 6 and 7 are also subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of any property, real or personal, involved in violations of 18 U.S.C. § 1956(a)(1)(B)(i). The funds seized from those accounts are criminally derived funds (wire fraud proceeds) that were moved through several bank accounts (held by various corporations and entities) before being deposited into those accounts. That was done in order to conceal or disguise the illegal source of the funds contained in those accounts, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

Finally, the monetary transactions made to fund or purchase the defendant assets more fully identified above as numbers 1-4 and 6-8 were conducted in violation of 18 U.S.C. § 1957(a) because they involved monetary transactions conducted with more than $10,000 in criminally derived funds (wire fraud proceeds) and, as such, are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

10

The United States posted notice of these forfeitures on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, as required by Supp'l Rule G(4)(a)(iv)(C). Docs. 45 and 201. Pursuant to Rule G(5)(a)(ii), a person or entity is required to file a claim within the time stated on the direct written notice, or not later than 60 days after the first date of internet publication. The Warrants of Arrest *in Rem* and the internet publication gave instructions for filing a claim in the form of a Statement of Right or Interest, to be filed with the Office of the Clerk, United States District Court, Orlando Division, 401 W. Central Blvd., Suite 1200, Orlando, Florida 32801-0120, within the time prescribed by law.

In this instance, the first date of publication for the assets contained in the Corrected Verified Complaint for Forfeiture *in Rem* was on November 16, 2009. The first date of publication for the assets contained in the Amended Verified Complaint for Forfeiture *in Rem* was on March 1, 2010. The final date for filing a claim to the above-referenced defendant assets was sixty (60) days after the commencement of publication and the time for filing a claim has long expired.

The only individuals or entities known to have an interest in the defendant assets more fully identified above as numbers 1-5, except for Luzia Maria Trindade, have consented to the forfeiture of these assets. *See* Exhibits A-D. The notices that were personally served on Luzia Maria Trindade required her to file a claim within thirty-five (35) days of receipt of notice, or suffer default. Luzia

Maria Trindade, after receiving proper notice of these proceedings, did not file a claim to contest the forfeiture of any defendant assets, and the Clerk has entered default against her. Doc. 236. Additionally, all claims to the defendant assets more fully identified above as numbers 6-8 have been resolved. *See* Exhibits B-D.

Publication and noticing to persons and entities with a known legal interest in the defendant assets more fully identified above having been effected, it is now appropriate to enter a judgment of forfeiture for the defendant assets more fully identified above as numbers 1-5. Further, all claims having been resolved for the defendant assets more fully identified above as numbers 6-7, it is now appropriate to dismiss them from this action pursuant to the terms of the settlement reached with Kinetic. Lastly, because the defendant asset more fully identified above as number 8 was administratively forfeited prior to the initiation of these proceedings, this asset should likewise be dismissed from this action.

## III.     Conclusion

The United States respectfully requests that this Court enter a Judgment of Forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(A), (C) and Supp'l Rule G, forfeiting to the United States of America all right, title, interest in the defendant assets more

fully identified above as numbers 1-5 for disposition according to law, and dismiss the defendant assets more fully identified above as numbers 6-8 from this action.

        Respectfully submitted,

        A. LEE BENTLEY
        Acting United States Attorney


By:   *s/Nicole M. Andrejko*
      **Nicole M. Andrejko**
      Assistant United States Attorney
      Florida Bar No. 0820601
      400 West Washington St., Suite 3100
      Orlando, FL 32801
      Telephone: (407) 648-7500
      Facsimile: (407) 648-7643
      E-mail: Nicole.Andrejko@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

H. Manuel Hernandez, Esquire
Patricia Cassells
Todd A. Foster, Esquire

I certify that I mailed on October 24, 2013, the foregoing and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

Luiz Trindade
c/o Bennett R. Ford, III, Esquire
Law Office of Mark L. Horwitz
17 East Pine Street
Orlando, FL 32801-2607

                                            *s/Nicole M. Andrejko*
                                            **Nicole M. Andrejko**
                                            Assistant United States Attorney
                                            Florida Bar No. 0820601
                                            400 West Washington St., Suite 3100
                                            Orlando, FL 32801
                                            Telephone: (407) 648-7500
                                            Facsimile: (407) 648-7643
                                            E-mail: Nicole.Andrejko@usdoj.gov